No. 12749

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

ROBERT R. ALDEN,

Plaintiff and Appellant,

-vs-

BOARD OF ZONING COMMISSIONERS, et al.,

Defendant and Respondent.

---

Appeal from: District Court of the Second Judicial District,
Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

For Appellant:

John L. Hamner argued, Butte, Montana

For Respondent:

Lawrence G. Stimatz, County Attorney, Butte, Montana

---

Submitted: November 12, 1974

Decided: DEC 10 1974

Filed: ¹974

*Thomas J. Kearney*
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal by a property owner from an order of the district court, Silver Bow County, dismissing the property owner's appeal from a ruling of the Board of County Commissioners in a zoning matter.

This is an unusual and unprecedented situation where the respondent-defendant Board does not appear by brief or argument, even though this Court issued an order to show cause as to why such appearance was not made. Under such situation this Court shall take the appellant's versions and positions as being correct if they are in fact supported by the record.

The district court order appealed from reads:

"Plaintiff has filed in the above entitled action an appeal from a ruling of the Board of County Commissioners and its commission in accordance with Title 16, Chapter 41, Revised Codes of Montana, 1947, as amended. Said appeal came regularly on for hearing before the court. Plaintiff was present and represented by counsel, John Leslie Hamner and the defendants were represented by designated individuals and were represented by the County Attorney of Silver Bow County, Montana, Lawrence Stimatz. Witnesses were sworn and testified. Upon the conclusion of the testimony the matter, upon the furnishing of briefs by the respective parties, was submitted to the court for decision and was thereupon taken under advisement by the court.

"From the record, the testimony and the briefs, the Court finds as follows:

"1. That Chapter 41 of Title 16 of the Revised Codes of Montana, 1947, as amended, was declared constitutional by the Supreme Court of Montana in Missoula County v. Missoula City, 139 Montana at page 256.

"2. That Chapter 47 of said Title 16 of the Revised Codes of Montana, 1947, as amended, does not supersede or supplement Chapter 41 of said Title 16 of the Revised Codes of Montana, 1947 as amended.

"3. That plaintiff among other things, in his appeal, has alleged that the original zoning regulations were amended * * *, but that such amendments and changes follow unreasonable, arbitrary and discriminatory boundaries * * *.

"4. That plaintiff has the duty to prove by a preponderance of the evidence the allegations of his claim. Plaintiff has failed to carry such burden.

"5. That by plaintiff's failure to prove the allegations of his claim as aforesaid, plaintiff's appeal must be dismissed.

"The court concludes as follows:

"That plaintiff's appeal is ordered dismissed.

"Let judgment be entered in accordance with the foregoing.

"Dated December 26, 1973.

"S/ James D. Freebourn Judge."

The only issue actually ruled on was that Chapter 47 did not amend Chapter 41 of the 1947 Revised Codes of Montana; and that Alden failed in his burden of proof.

Since the matter is not contested here, we doubt the wisdom of an in depth treatment of the validity of all the issues presented. Appellant lists nine issues under three general headings:

(1) Appellant claims the zoning plan is generally invalid;

(2) That even if valid, there was arbitrary and illegal discrimination as to appellant's property; and

(3) That the facts proven did not fail to carry the burden of proof.

At trial only two witnesses testified, Alden, the property owner, and one DeGeorge, Chairman of the Board of County Commissioners. Exhibits consisting of two maps and a copy of the resolution establishing a planning and zoning district for the Floral Park area were introduced.

The two maps show Alden's property as a vacant lot and a lot containing a multiple purpose building, surrounded by commercial properties except for one residence, and in somewhat of a transition area between commercial and residential. The Board chairman testified, in effect, that be that as it may, the grandfather clause covering any use existing would adequately protect Alden. More will be said later about the "grandfather clause".

Alden moved for a new trial and for amendment of the order to show a ruling on the specific issues attacking the validity of the resolution itself. This was denied.

A reading of the resolution shows that it is not in conformity with sections 16-4102 through section 16-4107, R.C.M. 1947, in many particulars, contrary to the findings of the district court heretofore quoted.

Appellant argues the resolution contains a number of invalid and illegal provisions that affect the entire resolution and make it invalid as to his properties. We need not rule here on this.

Here the facts gleaned from the exhibits and the testimony of the two witnesses demonstrate an illegal discrimination as to appellant's properties. The trial court merely ruled that appellant failed to carry the burden of proof. These facts show unreasonable discrimination as to appellant's property:

(1) The zoning board modified its original plan by creating a commercial district due south of and contiguous to appellant's land, prior to adoption of the plan, and for no apparent reason it failed to include appellant's property in a commercial designation.

(2) There is but one residence surrounded by commercial properties within the area designated R-1 Residential between the above described commercial district and the boundary of the zoning district due north: and this includes appellant's property having a commercial use.

(3) The "existing use provision" of the Floral Park plan goes beyond the expression of the legislature in these sections of the Revised Codes of Montana, 1947:

> "16-4102. * * * providing that existing nonconforming uses may be continued, although not in conformity with such zoning regulations."

> "16-4709. Continuation of existing uses. Any lawful use which is made of land or buildings at the time any zoning resolution is adopted by the board of county commissioners may be continued, although such use does not conform to the provisions of such resolution."

Section 13-19 of the Floral Park plan creates a situation where property in existence <u>conflicting as to height, area, yards, courts, floor area and set-back restrictions</u> is taken from the protection of the above cited two code sections.

Thus, the grandfather clause would not protect appellant, since one of his properties is a vacant lot and the other commercial but defined by the resolution so as not to be protected. This amounts to an unreasonable and discriminatory action.

The order of the district court is reversed. The cause is returned to the district court for entry of an order either excluding Alden's property from the zoning provisions or ordering the Commission to zone it properly as commercial. The record indicates, without clearing it up, that the city is going to or has annexed part of the area and we are unable to determine from this record the true situation.

Appellant shall have his costs.

_Wesley Castles_
Justice

We Concur:

Chief Justice

_John Conway Harrison_

_Gene B. Daly_

_Frank I. Haswell_
Justices.

- 5 -