No. 01-416

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 78

CITY OF KALISPELL,

        Plaintiff and Respondent,

    v.

JEFFREY CAMERON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                       In and for the County of Flathead,
                       The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Kathleen O'Rourke Mullins, O'Rourke Mullins Law Offices, Missoula,
        Montana

        For Respondent:

        (No Respondent's brief filed)

                       Submitted on Briefs:  January 10, 2002

                       Decided:     April 24, 2002

Filed:

                                          Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1    The Defendant, Jeffrey Cameron, was charged in Kalispell City Court with obstructing a peace officer in violation of § 45-7-302, MCA.  Following trial, Cameron was found guilty as charged and the City Court imposed a fine and 30 day jail sentence.  Cameron appealed to the District Court for the Eleventh Judicial District in Flathead County and the District Court affirmed the conviction and sentence.  Cameron appeals from the District Court's order.  We reverse the order of the District Court.

¶2    The following issue is dispositive on appeal:

¶3    Did the City Court err when it denied Cameron's motion for a directed verdict?

FACTUAL BACKGROUND

¶4    On October 8, 1999, Jeffrey Cameron was a passenger in a vehicle driven by James Swartzenberger.  When Swartzenberger parked at Finnegan's restaurant in Kalispell, Officers Jim Brenden and Chad Zimmerman, who were parked in a patrol car in the Finnegan's parking lot, observed Swartzenberger driving erratically and decided to investigate.  Brenden later testified that this was not a normal traffic stop during which officers follow a vehicle on the road and pull the vehicle over after activating their lights.  Instead, Brenden approached the driver's side door and Zimmerman approached the passenger side door from the rear of the truck without prior warning.  Swartzenberger's truck sat far enough off the ground so that Brenden could not see over it, nor could he hear

2

the conversation between Zimmerman and Cameron on the other side of the truck.

¶5 As they approached the vehicle from behind, the officers noticed that both occupants had already exited the vehicle. Zimmerman approached Cameron as he was walking into the restaurant and called to him. Cameron came over to where Zimmerman was standing beside the passenger side of the truck. Zimmerman directed Cameron to get back into the truck. Cameron refused, saying that he was going to get something to eat. Zimmerman testified that when he repeated his command, Cameron swore at him and turned to go into the restaurant. At that point Zimmerman put Cameron up against the truck in a "control position" and handcuffed him. Cameron was detained and taken to the Kalispell police station, where he was charged with obstructing a peace officer in violation of § 45-7-302, MCA.

¶6 While this was happening, Brenden had concluded his investigation and arrest of the driver. Brenden testified that his ability to arrest the driver had not been hindered in any way by Cameron and that Cameron did nothing to delay or threaten him. Zimmerman also testified that Brenden had not needed his help.

¶7 This matter went to trial in Kalispell City Court on February 23, 2000. At the conclusion of the City's case, Cameron moved for a directed verdict. That motion was denied and the jury found Cameron guilty of the offense charged. Cameron then made a motion to overturn the conviction and that motion was also denied. The City Court imposed a fine and 30 days in jail.

¶8 Cameron appealed to the District Court for the Eleventh Judicial District in Flathead County. The District Court affirmed Cameron's conviction and sentence in an April 12, 2001, order. Cameron now appeals from that order and has filed an appellate brief. The City has not responded.

DISCUSSION

¶9 Did the City Court err when it denied Cameron's motion for a directed verdict?

¶10 Cameron contends that failure to follow an officer's instructions does not constitute the knowing obstruction of an officer in the performance of his or her duties. Cameron contends that there is no evidence that he knew the officers were investigating the possibility that the driver was impaired and there is no evidence that he in any way impaired the investigation, which was successfully concluded without incident. Based on our review of the entire record, we agree that there was no evidence that Cameron impaired the investigation.

¶11 Sections 45-2-101(34) (statutory definition of "knowingly") and 45-7-302(1), MCA, require that an individual obstructing a peace officer must engage in conduct under circumstances that make him or her aware that it is highly probable that such conduct will impede the performance of a peace officer's lawful duty. In other words, the City had to prove that Cameron was aware that his conduct would hinder the execution of the Officers' duties.

¶12 We conclude that Cameron did not obstruct the Officers. Brenden testified that he arrested the driver without incident and

4

was not impaired by Cameron. Moreover, Brenden testified that he did not require Zimmerman's assistance to arrest the driver. Finally, there was no reason for arresting Cameron and he had no reason to know why he was being investigated or arrested.

¶13 Therefore, pursuant to the Officers' own testimony, the City did not and could not prove the elements of § 45-7-302(1), MCA. Consequently, Cameron's motion for a directed verdict should have been granted and the District Court erred when it affirmed the judgment of the City Court. Accordingly, we reverse the order of the District Court and direct that a judgment acquitting Cameron of the offense with which he was charged be entered.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ JAMES C. NELSON

5

Justice James C. Nelson concurs:

¶14   I concur in our opinion.  In doing so, I note for the benefit of the trial court whose decision we are reversing, that the City of Kalispell did not file a response brief in opposition to Cameron's appellate brief in this cause.  In other words, this appeal was decided on Cameron's brief alone.  There were no countervailing arguments advanced by the City to those made by Cameron.

¶15  We have stated that where a respondent does not appear by brief or argument on appeal, this Court will take appellant's versions and positions as being correct if they are supported by the record.  *Alden v. Board of Zoning Comm'rs* (1974), 165 Mont. 364, 365, 528 P.2d 1320, 1320.  *See also* Rule 26, M.R.App.P. ("The respondent shall serve and file an answer brief within 30 days after service of the brief of the appellant.")

¶16  Indeed, from the City's lack of willingness to defend the District Judge's decisions in its favor at trial, it follows that the City must have believed that the court was in error when it denied Cameron's motion for directed verdict at the end of the City's case and when the court denied Cameron's motion to set aside the jury's verdict.

¶17 Moreover, assuming the City agreed with Cameron, the prosecutor was ethically obligated, in his own right, to not file the charges in the first place for lack of probable cause and was similarly obligated to move to dismiss, during or after the trial, by reason of the government's failure to put on sufficient evidence

6

to convict.  Rule 3.8(a), Montana Rules of Professional Conduct; ABA Standards for Criminal Justice 3.39(a) (3d ed. 1993).

¶18  Because of the City's failures in these respects, Cameron was put to the time, trouble and expense of defending himself at a jury trial and of appealing his conviction; the City was put to the expense of funding a needless jury trial; jurors were put to the time, trouble and expense of deciding a case that probably should not have been brought and, most assuredly, should not have been tried; the trial court's limited time and resources were wasted; and this Court has been put to the trouble of deciding an appeal that the City had no interest in defending.

¶19 The dissent posits that the majority opinion and this concurrence are in error because the record does support the trial court's decisions and the jury's verdict.  In reaching this conclusion the dissent points to the disputed conversation between Cameron and Officer Zimmerman as proof of the State's case. Assuming, as we must, that the jury believed Officer Zimmerman's version of the conversation, this conversation still does not satisfy the government's burden to prove the elements of the offense of which Cameron was convicted.

¶20  Section 45-7-302(1), MCA, required the State to prove that Cameron obstructed a peace officer by knowingly obstructing, impairing, or hindering the enforcement of the criminal law, the preservation of the peace or the performance of a governmental function.

7

¶21 Aside from the fact that Cameron was disrespectful and non-compliant with Officer Zimmerman's directions, there is no evidence in the record that Cameron obstructed, impaired or hindered the enforcement of any criminal law, the preservation of the peace or the performance of any governmental function. Indeed, the evidence is that he did not obstruct, impair or hinder Officer Brenden's investigation or his enforcement of the criminal law in the least. And, there is nothing in the record that demonstrates that Officer Zimmerman was conducting any sort of independent investigation or was attempting to enforce any criminal law or was preserving the peace. The long and short of it is that the prosecution failed to prove the elements of the crime charged.

¶22 While Cameron may have been guilty of disorderly conduct for directing at Officer Zimmerman a profane epithet --*see* § 45-8-101(1)(c), MCA--Cameron was not guilty of the offense actually charged, namely obstruction of a peace officer.

¶23 I concur in our decision.

/S/ JAMES C. NELSON

Justice Jim Rice dissenting.

¶24    I respectfully dissent from the Court's decision herein.

¶25    According to Officer Zimmerman's testimony, Defendant Cameron was specifically advised of the police investigation and asked repeatedly to return to the vehicle.  Cameron refused, requiring Zimmerman to physically restrain him.  Zimmerman testified that his duties to the investigation were interrupted by Cameron's actions, and he was not able to provide the assistance to Officer Brenden that he is required to provide in such situations.  Zimmerman also testified about the dangers in simply allowing Cameron to walk away from the investigation.

¶26    In ¶ 10, the Court references Cameron's assertion that "there is no evidence that he knew the officers were investigating" and concludes that "there was no evidence that Cameron impaired the investigation."  Using hindsight, the Court reasons that the investigation concluded satisfactorily, and thus, Cameron's failure to comply with Zimmerman's orders did not cause any detriment. However, I believe the Court's analysis is flawed.

¶27    First, Officer Zimmerman testified specifically that he informed Cameron that they were conducting an investigation.  While Cameron disputes this evidence, it was nonetheless presented to the jury by Zimmerman, referenced by the prosecutor and accepted by the jury.  Second, and more importantly, whether the investigation was ultimately completed successfully without Officer Zimmerman's assistance is irrelevant to the charge. The elements of this crime are not determined by a post-event analysis to determine whether

9

things "turned out okay," but whether the defendant knowingly impeded the process of the investigation. Here, Cameron impeded the investigation by knowingly interfering with Officer Zimmerman's completion of his assigned duty of providing assistance to Officer Brenden. I would affirm the conviction.

/S/ JIM RICE