JUSTICE TRIEWEILER
delivered the Opinion of the Court.
¶1 The Defendant, Jeffrey Cameron, was charged in Kalispell City Court with obstructing a peace officer in violation of § 45-7-302, MCA. Following trial, Cameron was found guilty as charged and the City Court imposed a fine and 30 day jail sentence. Cameron appealed to the District Court for the Eleventh Judicial District in Flathead County and the District Court affirmed the conviction and sentence. Cameron appeals from the District Court’s order. We reverse the order of the District Court.
¶2 The following issue is dispositive on appeal:
¶3 Did the City Court err when it denied Cameron’s motion for a directed verdict?
FACTUAL BACKGROUND
¶4 On October 8,1999, Jeffrey Cameron was a passenger in a vehicle driven by James Swartzenberger. When Swartzenberger parked at Finnegan’s restaurant in Kalispell, Officers Jim Brenden and Chad Zimmerman, who were parked in a patrol car in the Finnegan’s parking lot, observed Swartzenberger driving erratically and decided to investigate. Brenden later testified that this was not a normal traffic stop during which officers follow a vehicle on the road and pull the vehicle over after activating their lights. Instead, Brenden approached the driver’s side door and Zimmerman approached the passenger side door from the rear of the truck without prior warning. Swartzenberger’s truck sat far enough off the ground so that Brenden could not see over it, nor could he hear the conversation between Zimmerman and Cameron on the other side of the truck.
¶5 As they approached the vehicle from behind, the officers noticed that both occupants had already exited the vehicle. Zimmerman approached Cameron as he was walking into the restaurant and called to him. Cameron came over to where Zimmerman was standing beside *250 the passenger side of the truck. Zimmerman directed Cameron to get back into the truck. Cameron refused, saying that he was going to get something to eat. Zimmerman testified that when he repeated his command, Cameron swore at him and turned to go into the restaurant. At that point Zimmerman put Cameron up against the truck in a “control position” and handcuffed him. Cameron was detained and taken to the Kalispell police station, where he was charged with obstructing a peace officer in violation of § 45-7-302, MCA.
¶6 While this was happening, Brenden had concluded his investigation and arrest of the driver. Brenden testified that his ability to arrest the driver had not been hindered in any way by Cameron and that Cameron did nothing to delay or threaten him. Zimmerman also testified that Brenden had not needed his help.
¶7 This matter went to trial in Kalispell City Court on February 23, 2000. At the conclusion of the City’s case, Cameron moved for a directed verdict. That motion was denied and the jury found Cameron guilty of the offense charged. Cameron then made a motion to overturn the conviction and that motion was also denied. The City Court imposed a fine and 30 days in jail.
¶8 Cameron appealed to the District Court for the Eleventh Judicial District in Flathead County. The District Court affirmed Cameron’s conviction and sentence in an April 12, 2001, order. Cameron now appeals from that order and has filed an appellate brief. The City has not responded.
DISCUSSION
¶9 Did the City Court err when it denied Cameron’s motion for a directed verdict?
¶10 Cameron contends that failure to follow an officer’s instructions does not constitute the knowing obstruction of an officer in the performance of his or her duties. Cameron contends that there is no evidence that he knew the officers were investigating the possibility that the driver was impaired and there is no evidence that he in any way impaired the investigation, which was successfully concluded without incident. Based on our review of the entire record, we agree that there was no evidence that Cameron impaired the investigation.
¶11 Sections 45-2-101(34) (statutory definition of “knowingly”) and 45-7-302(1), MCA, require that an individual obstructing a peace officer must engage in conduct under circumstances that make him or her aware that it is highly probable that such conduct will impede the performance of a peace officer’s lawful duty. In other words, the City had to prove that Cameron was aware that his conduct would hinder the execution of the Officers’ duties.
*251 ¶12 We conclude that Cameron did not obstruct the Officers. Brenden testified that he arrested the driver without incident and was not impaired by Cameron. Moreover, Brenden testified that he did not require Zimmerman’s assistance to arrest the driver. Finally, there was no reason for arresting Cameron and he had no reason to know why he was being investigated or arrested.
¶13 Therefore, pursuant to the Officers’ own testimony, the City did not and could not prove the elements of § 45-7-302(1), MCA. Consequently, Cameron’s motion for a directed verdict should have been granted and the District Court erred when it affirmed the judgment of the City Court. Accordingly, we reverse the order of the District Court and direct that a judgment acquitting Cameron of the offense with which he was charged be entered.
CHIEF JUSTICE GRAY, JUSTICES REGNIER and NELSON concur.