JUSTICE NELSON
concurs:
¶14 I concur in our opinion. In doing so, I note for the benefit of the trial court whose decision we are reversing, that the City of Kalispell did not file a response brief in opposition to Cameron’s appellate brief in this cause. In other words, this appeal was decided on Cameron’s brief alone. There were no countervailing arguments advanced by the City to those made by Cameron.
¶15 We have stated that where a respondent does not appear by brief or argument on appeal, this Court will take appellant’s versions and positions as being correct if they are supported by the record. Alden v. Board of Zoning Comm’rs (1974), 165 Mont. 364, 365, 528 P.2d 1320, 1320. See also Rule 26, M.R.App.P. (“The respondent shall serve and file an answer brief within 30 days after service of the brief of the appellant.”)
¶16 Indeed, from the City’s lack of willingness to defend the District Judge’s decisions in its favor at trial, it follows that the City must have believed that the court was in error when it denied Cameron’s motion for directed verdict at the end of the City’s case and when the court denied Cameron’s motion to set aside the jury’s verdict.
¶17 Moreover, assuming the City agreed with Cameron, the prosecutor was ethically obligated, in his own right, to not file the charges in the first place for lack of probable cause and was similarly obligated to move to dismiss, during or after the trial, by reason of the government’s failure to put on sufficient evidence to convict. Rule 3.8(a), Montana Rules of Professional Conduct; ABA Standards for Criminal Justice 3.39(a) (3d ed. 1993).
¶18 Because of the City’s failures in these respects, Cameron was put to the time, trouble and expense of defending himself at a jury trial *252 and of appealing his conviction; the City was put to the expense of funding a needless jury trial; jurors were put to the time, trouble and expense of deciding a case that probably should not have been brought and, most assuredly, should not have been tried; the trial court’s limited time and resources were wasted; and this Court has been put to the trouble of deciding an appeal that the City had no interest in defending.
¶19 The dissent posits that the majority opinion and this concurrence are in error because the record does support the trial court’s decisions and the jury’s verdict. In reaching this conclusion the dissent points to the disputed conversation between Cameron and Officer Zimmerman as proof of the State’s case. Assuming, as we must, that the jury believed Officer Zimmerman’s version of the conversation, this conversation still does not satisfy the government’s burden to prove the elements of the offense of which Cameron was convicted.
¶20 Section 45-7-302(1), MCA, required the State to prove that Cameron obstructed a peace officer by knowingly obstructing, impairing, or hindering the enforcement of the criminal law, the preservation of the peace or the performance of a governmental function.
¶21 Aside from the fact that Cameron was disrespectful and non-compliant with Officer Zimmerman’s directions, there is no evidence in the record that Cameron obstructed, impaired or hindered the enforcement of any criminal law, the preservation of the peace or the performance of any governmental function. Indeed, the evidence is that he did not obstruct, impair or hinder Officer Brenden’s investigation or his enforcement of the criminal law in the least. And, there is nothing in the record that demonstrates that Officer Zimmerman was conducting any sort of independent investigation or was attempting to enforce any criminal law or was preserving the peace. The long and short of it is that the prosecution failed to prove the elements of the crime charged.
¶22 While Cameron may have been guilty of disorderly conduct for directing at Officer Zimmerman a profane epithet-see § 45-8-101(l)(c), MCA-Cameron was not guilty of the offense actually charged, namely obstruction of a peace officer.
¶23 I concur in our decision.