JUSTICE RICE
dissenting.
¶20 I respectfully dissent. The District Court’s order granting the motion to suppress failed to consider important evidence relevant to the search conducted here, and, consequently, the court entered conclusions of law which were incorrect. If properly considered by this Court, the evidence would require reversal.
¶21 First, as a preliminary matter, Respondent Lanegan failed to file a brief. “[W]here a respondent does not appear by brief or argument on appeal, this Court will take appellant’s versions and positions as being correct if they are supported by the record. Alden v. Board of Zoning Comm’rs (1974), 165 Mont. 364, 365, 528 P.2d 1320, 1320.” City of Kalispell v. Cameron, 2002 MT 78, ¶ 15, 309 Mont. 248, ¶ 15, 46 P.3d 46, ¶ 15 (Nelson, J., concurring). Here, the State’s positions are well supported by the record and should be taken as correct.
¶22 The District Court concluded that there were no exigent circumstances to justify unzipping the fanny pack because Lanegan was then “subdued,” and thus, “[t]he necessary element of immediacy [was] not present.” This Court concurs with these conclusions. See ¶ 13. However, the Court errs, as the District Court did, by narrowly focusing on Lanegan’s handcuffed condition and ignoring the more significant evidence of other exigent circumstances.
¶23 Lanegan, who was “very verbally abusive” and acting “nervous, flighty, paranoid,” refused to be frisked, told officers he had a gun, and reached for the bulge in his pocket when Hight attempted to frisk him.
[Hight] A. He put his right hand in the same pocket to where the bulge was.
[Prosecutor] Q. How long did all this take?
A. Seconds.
Q. Okay. What went through your mind when he put his hand into that right pocket, where you saw where the bulge was, after he told you he had a gun?
A. I thought he was going for a gun.
Q. What did you do?
A. I grabbed onto him and told him that he’s not under arrest. And he pulled away from me. I told him I was just going to pat him down. He pulled away from me. I grabbed both of his arms, *356 pulled his hand out of the pocket, and I cuffed him up and arrested him for obstructing at that point.
Q. Did you feel threatened?
A. Absolutely.
¶24 Immediately after handcuffing Lanegan, Hight opened the pack “because I thought there may be a gun in it.” He testified that there was “probably a hundred different models” of firearms that would have fit within the fanny pack. Further, Hight expressed a concern about other items in the pack which could “poke me, stick me, or stab me.”
¶25 Then, Eaker, who had “disappeared” when Hight had turned his attention to Lanegan, and who, according to Hight, “couldn’t stand still” and was “very nervous,” came running out of the Town Pump and toward the vehicles. She begun dumping the contents of her purse unto the hood of the patrol vehicle. Obviously, this situation was anything but “subdued.”
¶26 Although Lanegan was handcuffed, and Hight felt no fear of Lanegan’s possible use of a weapon at that point, Hight nonetheless retained legitimate fears about the contents of the pack, given what had occurred. Lanegan had reached for the pack as Hight attempted to frisk him, and very well could have been reaching for a gun, which he claimed to have, or for another kind of weapon. Further, with Eaker running about and dumping items on the patrol car, the situation remained fluid. Under these circumstances, police should be able to open the pack to determine if there was something-such as a loaded firearm- that could harm them or the other people present. Indeed, exigent circumstances “are those that would cause a reasonable person to believe prompt action is necessary to prevent physical harm to police officers or other persons ... or some other consequence improperly frustrating legitimate law enforcement efforts.” State v. Logan, 2002 MT 206, ¶ 17, 311 Mont. 239, ¶ 17, 53 P.3d 1285, ¶ 17. Regrettably, however, the Court would require the police to “gingerly” hold the potentially dangerous pack until a warrant is obtained, while simultaneously handling another party who was out of control. That is unreasonable.
¶27 The officers acted correctly in the entire incident. They refrained from searching Eaker’s purse when she refused to consent. In contrast, they searched Lanegan’s pack because it presented a legitimate danger. The District Court failed to consider all the circumstances and entered incorrect conclusions of law. I would reverse.