JUSTICE NELSON,
concurring in part and dissenting in part.
¶38 I concur with the result of the Court’s Opinion under Issue 3-i.e., that HRDC is precluded by § 27-2-203, MCA, from requiring Johnson to pay anything beyond her last payment of March 5, 2003, and that HRDC is barred from any further collection efforts. Opinion, ¶ 35. I respectfully dissent, however, from the Court’s decision on Issues 1 and 2-respectively, whether the District Court correctly converted HRDC’s counterclaim of mutual mistake to an affirmative defense, and whether the District Court properly denied Johnson’s motion for partial summary judgment.
¶39 As a preliminary matter, it is necessary to point out that HRDC did not bother to file a response brief in this appeal, even despite two granted requests for extensions of time in which to do so. Where an appellee does not appear by brief or argument, this Court will take the appellant’s versions and positions as being correct if they are supported by the record. Alden v. Board of Zoning Commrs., 165 Mont. 364, 365, 528 P.2d 1320, 1320 (1974). Here, Johnson’s positions are well-supported by the record and should be taken as correct.
¶40 First, HRDC was aware of the “scrivener’s error” in the promissory note no later than July 2001, but HRDC did not file its claim based on mutual mistake until March 2006, well beyond the two-year period of limitations prescribed by § 27-2-203, MCA.
¶41 Second, HRDC’s “counterclaim” was just that: a counterclaim. HRDC set forth a claim for relief: payment of the balance due on the note. This constitutes a counterclaim, not an affirmative defense. See M. R. Civ. P. 8(a) (“A pleading which sets forth a claim for relief, *538 whether an original claim, counterclaim, cross-claim or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks.”). Indeed, the Court so holds:
HRDC’s mutual mistake counterclaim, as alleged in its answer, sought an award of the entire unpaid balance on Johnson’s loan. HRDC’s answer included a claim for “payment of the balance due on the promissory note plus allowable attorney’s fees and costs.” Thus HRDC’s counterclaim comported with the general rule that a counterclaim presents a cause of action that seeks affirmative relief.
Opinion, ¶ 33.
¶42 Third, up until the District Court, entirely of its own accord, declared HRDC’s counterclaim to be something other than it is, both Johnson and HRDC framed their respective arguments based on their shared understanding that HRDC’s “counterclaim” was, in fact, a counterclaim. That’s why HRDC presented an argument in its brief opposing Johnson’s motion for partial summary judgment that its “claim” for reformation of the note pursuant to § 28-2-1611, MCA, was not barred by the statute of limitations-an argument that would have been unnecessary had HRDC’s counterclaim actually been, in substance, an affirmative defense.
¶43 Fourth, § 27-2-203, MCA, states: “The period prescribed for the commencement of an action for relief on the ground of. . . mistake is within 2 years, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the ... mistake.” Accordingly, HRDC’s counterclaim was time-barred (see Opinion, ¶¶ 23, 35), and Johnson was entitled to judgment in her favor.
¶44 To avoid this legally correct (but apparently unpalatable) result, the District Court decided in its September 1,2006 Memorandum and Order Denying Plaintiffs Motion for Partial Summary Judgment to treat HRDC’s counterclaim as an affirmative defense. As grounds for this, the court cited M. R. Civ. P. 8(c), which states: “When a party has mistakenly designated a defense as a counterclaim . . . , the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.” Evidently, the court believed that justice required it to re-designate HRDC’s counterclaim as an affirmative defense because Johnson otherwise would receive an “undeserved windfall.” Opinion, ¶ 24. This Court agrees, citing not only Rule 8(c), but also Rule 15(a), which states that a party may amend its pleading *539 by leave of court and that leave “shall be freely given when justice so requires.” Opinion, ¶¶ 25-26.
¶45 There are two obvious problems with this approach. First, HRDC, who was represented by counsel throughout the proceedings in the District Court, never sought leave to amend its pleading. Nor did HRDC ask the District Court to convert its counterclaim into an affirmative defense. Second, and most importantly, a counterclaim may not be re-designated or amended to be an affirmative defense if it is not, in fact, an affirmative defense. Again, Rule 8(c) states when a party has “mistakenly designated” a defense as a counterclaim, the court shall treat the pleading as if there had been a proper designation, if justice so requires. Here, HRDC’s counterclaim was not “mistakenly designated.” It was, in fact, a claim for relief. Thus, there is no basis in law or in fact for treating it as an affirmative defense under Rule 8(c) or amending HRDC’s pleading (sua sponte) to state an affirmative defense, rather than a counterclaim, under Rule 15(a).
¶46 It is difficult to understand the Court’s holdings under Issues 1 and 2, given that the Court essentially agrees with all of the foregoing points. Specifically, in its analysis under Issue 3, the Court states that “the District Court cannot convert the counterclaim to an affirmative defense that seeks affirmative relief with bumping against the two-year statute of limitations set forth in § 27-2-203, MCA.” Opinion, ¶ 34. But if the “counterclaim” were in fact an “affirmative defense,” then the statute of limitations set forth in § 27-2-203, MCA, would not apply. By its terms, this statute applies to a “cause of action.” See § 27-2-203, MCA. Thus, by applying this statute to the case at hand, the Court is tacitly conceding that HRDC’s counterclaim is, in fact, a “cause of action,” not an affirmative defense.
¶47 Ultimately, what the Court does here is (1) call HRDC’s counterclaim an “affirmative defense” for purposes of ruling against Johnson regarding the terms of the note and then (2) treat HRDC’s counterclaim as a “cause of action” for purposes of ruling against HRDC regarding the unpaid balance of the note. While this result may seem fair or equitable under the circumstances, it is legally untenable.
¶48 In this case, the trial court decided that “justice” required it-sua sponte-to bail out HRDC from its own mistakes, sloppy document preparation, and hard-line business practices. I simply cannot agree that this is a proper function of a district court. HRDC either chose to take no action, or simply neglected to do so, when it became aware that the promissory note contained a glaring mistake. It was not the District Court’s role to rescue HRDC by interceding, sua sponte, on *540 that party’s behalf during the course of this litigation. HRDC is a corporation which is in the business of making loans. It caused its own problems. If HRDC is an “aggrieved” party, as the Court asserts in ¶ 23, it is so because of its own actions or inaction, not anything Johnson did or failed to do.
¶49 Given the above, I concur in the result the Court reaches under Issue 3, but I dissent from the Court’s holdings under Issues 1 and 2. I would hold that Johnson was entitled to partial summary judgment on the issue of liability. Accordingly, I would reverse the District Court’s Memorandum and Order Denying Plaintiff s Motion for Partial Summary Judgment and remand for further proceedings. In addition, I would award Johnson her attorney’s fees and costs as the prevailing party at trial and on appeal, and I would order the computation of those on remand.
¶50 I concur and dissent.
JUSTICE COTTERjoins the concurrence and dissent of JUSTICE NELSON.