

DA 12-0720

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 208

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

RYAN WILLIAM EISENZIMER,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Pondera, Cause No. DC 11-16
Honorable Laurie McKinnon, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

            Wade Zolynski, Chief Appellate Defender; Jacob Johnson, Assistant
Appellate Defender; Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General; Brenda K. Elias, Assistant
Attorney General; Helena, Montana

            Mary Ann Ries, Pondera County Attorney; Conrad, Montana


        Submitted on Briefs:  June 25, 2014
               Decided:  August 5, 2014


Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Ryan William Eisenzimer appeals his conviction from the Ninth Judicial District Court, Pondera County, for obstructing a peace officer, a misdemeanor, in violation of § 45-7-302, MCA.  We affirm.

## ISSUE

¶2     *Whether the District Court erred when it denied Eisenzimer's motion to dismiss for insufficient evidence to convict him of the charge of obstructing a peace officer.*

## PROCEDURAL AND FACTUAL BACKGROUND

¶3     On March 11, 2011, at approximately 2:00 a.m., Conrad City Police Officer Scott Holbrook stopped a pickup truck for a traffic violation in downtown Conrad.  As Holbrook was running the pickup driver's information, Eisenzimer approached Holbrook's patrol car.  As Eisenzimer approached, the patrol car's red and blue flashing top lights were activated, the occupied pickup truck was parked in front of Holbrook's car, and Holbrook was sitting in his patrol car running the pickup driver's information.  Seeing Eisenzimer approach, Holbrook motioned with his hand for him to keep moving.  Eisenzimer, who was visibly intoxicated, asked Holbrook for a ride home.  Holbrook repeatedly told Eisenzimer to "keep walking" and to "get out of here."  When Eisenzimer persisted in asking for a ride, Holbrook told him he was busy and stated, "You want to be arrested?  Keep walking.  I'll do it.  Get out of here."  After several warnings, Holbrook arrested Eisenzimer for obstructing a peace officer.  After placing Eisenzimer in custody, Holbrook completed his traffic stop of the pickup driver.

2

¶4 On September 7, 2011, Eisenzimer was found guilty in Conrad City Court of obstructing a peace officer pursuant to § 45-7-302, MCA. He appealed his conviction to the District Court, which conducted a trial de novo. At trial in the District Court, Eisenzimer moved at the close of the State's case-in-chief to dismiss the charge for insufficient evidence.[1] His motion was denied. On September 17, 2012, a jury found Eisenzimer guilty of obstructing a peace officer. On October 15, 2012, the District Court sentenced Eisenzimer to submit to a chemical dependency evaluation at his own expense, and to pay court costs totaling $654.25. Eisenzimer appeals the denial of his motion to dismiss.

## STANDARD OF REVIEW

¶5 We review the denial of a motion to dismiss for insufficient evidence de novo. *State v. Kirn*, 2012 MT 69, ¶ 8, 364 Mont. 356, 274 P.3d 746. "We review a question on the sufficiency of the evidence to determine whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Booth,* 2012 MT 40, ¶ 7, 364 Mont. 190, 272 P.3d 89.

## DISCUSSION

¶6 *Whether the District Court erred when it denied Eisenzimer's motion to dismiss for insufficient evidence to convict him of the charge of obstructing a peace officer.*

¶7 "A person commits the offense of obstructing a peace officer or public servant if the person knowingly obstructs, impairs, or hinders the enforcement of the criminal law."

---

[1]Eisenzimer moved for a directed verdict in favor of acquittal at the close of the State's case-in-chief. However, his motion is treated as a motion to dismiss for insufficient evidence. *State v. Rosling*, 2008 MT 62, ¶ 21 n.2, 342 Mont. 1, 180 P.3d 1102.

Section 45-7-302(1), MCA. "[A]n individual obstructing a peace officer must engage in conduct under circumstances that make him or her aware that it is highly probable that such conduct will impede the performance of a peace officer's lawful duty." *City of Kalispell v. Cameron*, 2002 MT 78, ¶ 11, 309 Mont. 248, 46 P.3d 46 (interpreting the statutory definition of "knowingly" under § 45-2-101(35), MCA, in the context of § 45-7-302(1), MCA.)

¶8     Eisenzimer argues that he neither hindered Holbrook's enforcement of the law, nor was he aware that his conduct was "highly probable" to impede the performance of Holbrook's work. Eisenzimer argues that his situation is similar to *Cameron*, in which we reversed the defendant's conviction for obstructing a peace officer because we concluded that "the City did not and could not prove the elements of § 45-7-302(1), MCA." *Cameron*, ¶ 13. Eisenzimer's reliance on *Cameron* is misplaced.

¶9     In *Cameron*, two police officers observed the vehicle in which defendant Cameron was a passenger driving erratically as it pulled into a restaurant's parking lot. As the officers approached the vehicle, both Cameron and the driver had already exited and Cameron was walking into the restaurant. While the first officer was investigating the driver, the second officer instructed Cameron to get back into the vehicle. Cameron refused, stating that he was going to get something to eat. After Cameron refused the officer's instruction a second time, he was arrested and charged with obstructing a peace officer.

¶10    At trial, the officer who had arrested the driver "testified that his ability to arrest the driver had not been hindered in any way by Cameron and that Cameron did nothing to delay or threaten him." *Cameron*, ¶ 6. This Court reversed Cameron's conviction after concluding that Cameron did not obstruct the officers in the performance of their duties, the officer had

4

no reason to arrest Cameron, and Cameron had no reason to know why he was being investigated or arrested. *Cameron*, ¶ 12.

¶11 In contrast to *Cameron*, there was ample evidence presented in Eisenzimer's case from which a rational trier of fact could have found the essential elements of obstructing a peace officer beyond a reasonable doubt. Holbrook was obviously in the middle of a traffic stop when Eisenzimer approached him. The top lights on Holbrook's patrol car were flashing as Eisenzimer approached, and the lights continued to flash as Eisenzimer repeatedly asked for a ride. Holbrook told Eisenzimer he was busy and repeatedly instructed Eisenzimer to "keep walking" and advised him that he would be arrested if he continued to ask for a ride. Holbrook was only able to complete his traffic stop after he arrested Eisenzimer. Prior to arresting Eisenzimer, Holbrook's attention to the performance of his duties – i.e., the traffic stop – was diverted by responding to Eisenzimer's repeated requests for a ride. Although Holbrook acknowledged at trial that he did not think Eisenzimer intended to impede his work, Eisenzimer's subjective intent is not the issue. The issue is whether Eisenzimer engaged in conduct that impeded the performance of Holbrook's lawful duties under circumstances that made Eisenzimer aware it was highly probable his conduct would impede the performance of those duties. Reviewing the evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could have made such a finding beyond a reasonable doubt.

¶12 For the reasons stated above, we affirm the District Court's order denying Eisenzimer's motion to dismiss for insufficient evidence.

5

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ PATRICIA COTTER