No. 00-142

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 206

STATE OF MONTANA,

>    Plaintiff and Respondent,

>    v.

EVELYN LOGAN,

>    Defendant and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Susan P. Watters, Judge presiding.

COUNSEL OF RECORD:

>    For Appellant:

>    Mark S. Hilario (argued); Hilario Law Firm, Billings, Montana

>    For Respondent:

>    Hon. Mike McGrath, Attorney General; John Paulson (argued),
>    Assistant Attorney General, Helena, Montana

>    Dennis Paxinos, Yellowstone County Attorney; Sheila Kolar,
>    Deputy County Attorney, Billings, Montana

>    For Amicus Curiae:

>    Ira Eakin (argued), Attorney at Law, Billings, Montana (for Montana
>    County Attorney's Association)

>    Kristina Guest, Assistant Appellate Defender, Helena, Montana

>    Elizabeth Brenneman, Attorney at Law, Helena, Montana (for ACLU
>    of Montana)

Heard: April 12, 2002
Submitted: April 18, 2002
Decided: September 10, 2002

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1   The Thirteenth Judicial District Court, Yellowstone County, denied Evelyn Logan's motion to suppress evidence seized from her purse and from a car in which she was a passenger. Reserving her right to appeal the suppression issue, Logan pled guilty to misdemeanor possession of dangerous drugs and the court entered judgment against her. Logan appeals. We reverse and remand.

¶2   Logan states the issue on appeal as whether police officers violated her right to be free from unlawful search and seizure. We address only the narrow and dispositive question of whether exigent circumstances support the officers' warrantless search of her purse and the car.

BACKGROUND

¶3   On the evening of November 8, 1998, Billings, Montana, police officer Jason Sery made a traffic stop of a white Camaro for failure to have the rear license plate illuminated--a misdemeanor under §§ 61-9-204(3) and 61-9-511, MCA. Sery recognized the driver of the Camaro as Dennis Kubas, an individual with whom he had had previous dealings and who had a history of carrying weapons and of violence with police officers.

¶4   Because of Kubas' history, Sery called for backup and waited for a second officer to arrive before approaching the Camaro. According to Sery, the slats on the rear window of the Camaro prevented him from observing any movement within the car. When the second officer arrived, Sery obtained identification from Kubas and

from passengers Richard Miller and Logan. Sery did not smell or observe any illegal drugs or drug paraphernalia; nor did he observe any behavior that led him to believe any of the vehicle's occupants were under the influence of drugs.

¶5 Sery returned to his patrol car and ran a check for outstanding warrants on all three occupants of the Camaro, learning that all three had past drug arrests and that an "extreme officer caution" alert was in effect for Kubas. Sery then specifically called for K-9 Officer Steve Feuerstein and his drug dog, Igor, to respond to the scene. Sery testified he called for the K-9 unit primarily for officer safety reasons--because there were three persons in the vehicle and only two officers present. The District Court subsequently found this testimony "unpersuasive."

¶6 When Feuerstein and Igor arrived, Sery asked all three occupants to get out of the Camaro and, during a pat-down search, the officers took a 3- to 4-inch hunting knife from Kubas. Sery testified that, after the pat-down, he wrote Kubas a citation for failing to have the rear license plate illuminated. At the same time, Feuerstein walked Igor around the outside of the Camaro.

¶7 Igor "alerted" to the passenger side door of the car by barking and scratching. Sery removed a purse from the back seat of the car--where Logan had been seated--and searched it, finding a "snort tube" and a bindle made of notebook paper. Igor was then allowed to enter the car, where he alerted to the center console between the front seats. There, Feuerstein found two more bindles of notebook paper containing a white powdery substance which tested

3

positive for methamphetamine. Sery arrested Logan and the State of Montana subsequently charged her with felony possession of dangerous drugs.

¶8 Logan moved to suppress the evidence, arguing primarily that Sery did not have a particularized suspicion of the presence of drugs to support a canine sniff of the automobile. The State opposed the motion, and the District Court held an evidentiary hearing at which Sery and Feuerstein testified.

¶9 The District Court entered its Findings of Fact, Conclusions of Law, Order and Memorandum concluding Sery had a particularized suspicion supporting a stop of the Camaro for a traffic offense and that, on that basis, he was entitled to ask the driver for his driver's license, proof of insurance, and registration, and to ask the identities of the other occupants of the vehicle. The court further concluded an individual does not have an expectation of privacy in the air surrounding an automobile nor in the odors emanating therefrom, and that a canine sniff of an automobile is not an offensive intrusion or a search under either the Fourth Amendment of the United States Constitution or Article II, Sections 10 and 11 of the Montana Constitution. On those grounds, the District Court denied the motion to suppress.

¶10 Logan filed a Motion to Reconsider matters she had raised briefly in her original motion to suppress and to which the State had responded: whether probable cause and exigent circumstances existed to support the warrantless search of the Camaro under the so-called automobile exception. On June 8, 1999, the District

4

Court entered its Amended Findings of Fact, Conclusions of Law, Order and Memorandum. It concluded that a drug dog's "alert" to the presence of drugs from outside a vehicle established the first prong of the automobile exception to the warrant requirement: probable cause to search the inside of the vehicle. It also concluded the second prong--the existence of exigent circumstances to support a warrantless search of the inside of the vehicle--had been established. In sum, the court concluded that, "[u]nder the automobile exception, the contents of a vehicle may be searched, which includes [Logan's] purse." Shortly thereafter, Logan pled guilty to a reduced charge of misdemeanor possession of dangerous drugs, and the District Court entered judgment.

DISCUSSION

¶11 Do exigent circumstances support the officers' warrantless search of Logan's purse and the car?

¶12 In reviewing a district court's denial of a motion to suppress evidence, we determine whether the court's findings of fact are clearly erroneous and whether its interpretation and application of the law are correct. *State v. Boyer*, 2002 MT 33, ¶ 7, 308 Mont. 276, ¶ 7, 42 P.3d 771, ¶ 7 (citation omitted). Here, Logan challenges--and our decision hinges upon--the District Court's interpretation and application of the law.

¶13 Both the Fourth Amendment to the United States Constitution and Article II, Section 11 of the Montana Constitution afford individuals the right to be free from unreasonable searches and seizures. A search and seizure by the state without a warrant is

5

presumed illegal and unreasonable. *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585. In addition, Article II, Section 10 of the Montana Constitution guarantees that the right of individual privacy shall not be infringed without a showing of compelling state interest. As a result, the category of warrantless searches which may be lawfully conducted under the Montana Constitution is narrower than the category of warrantless searches which may be conducted under the Fourth Amendment. *State v. Elison*, 2000 MT 288, ¶ 46, 302 Mont. 228, ¶ 46, 14 P.3d 456, ¶ 46.

¶14 In *Elison*, ¶ 54, we held there is no "automobile exception" to the search warrant requirement under the Montana Constitution. Under the right to privacy guaranteed by Montana's Constitution, the mobility of an automobile--without more--is not sufficient to justify a warrantless search. *Elison*, ¶ 57. In addition to particularized suspicion to support a stop of the vehicle, a warrantless search of an automobile requires probable cause and a generally applicable exception to the warrant requirement such as plain view search, a search incident to arrest, or exigent circumstances. *Elison*, ¶ 54.

¶15 We did not decide *Elison* until after the District Court's denial of Logan's motion to suppress in this case. However, *Elison* applies to all defendants whose cases were pending on direct appeal or not yet final when that decision was issued. **See State v. Waters, 1999 MT 229, ¶ 21, 296 Mont. 101, ¶ 21, 987 P.2d 1142, ¶ 21 (citations omitted).**

**Because Logan's case was not yet final when *Elison* was issued, she is entitled to** application of that decision. Consequently, we hold the District Court's reliance on the "automobile exception" is erroneous. That error is harmless, however, because the District Court also analyzed probable cause and exigent circumstances, and that two-pronged analysis remains applicable. *See Elison*, ¶ 54.

¶16 In this case, we begin with the last of the various issues raised: whether exigent circumstances support the officers' search of Logan's purse and the car. The parties agree this is the only generally applicable exception to the warrant requirement at issue here.

¶17 Exigent circumstances are those that would cause a reasonable person to believe prompt action is necessary to prevent physical harm to police officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts. *Elison*, ¶ 56 (citation omitted). "The State bears the heavy burden of showing the existence of exigent circumstances and can meet that burden only by demonstrating specific and articulable facts." *Elison*, ¶ 56.

¶18 The District Court concluded exigent circumstances existed in that none of the occupants of the Camaro were under arrest, Logan's purse was still inside the vehicle, there would have been a delay between obtaining a warrant and searching the vehicle, and it would have been impracticable to allow Logan to leave the scene without allowing her to take her purse. The court postulated that if the

7

officers allowed Logan to re-enter the Camaro to get her purse, she would have had an opportunity to destroy evidence in her purse and in the vehicle's center console. According to the District Court, "[t]his possible destruction of evidence provided the exigent circumstances."

¶19 The testimony of Sery, the arresting officer, does not support the District Court's determination that exigent circumstances existed. After a series of related questions and answers, Logan's counsel asked Sery: "So there was nothing that you know of that prevented you from obtaining a search warrant?" Sery responded: "Not that I know of."

¶20 Sery's response is a far cry from the "specific and articulable facts" required to establish the existence of exigent circumstances. *See Elison*, ¶ 56. Indeed, it is tantamount to a concession that exigent circumstances were not present. We hold the State failed to meet its heavy burden of establishing that exigent circumstances justified the officers' failure to obtain a warrant before removing Logan's purse from the car and searching both it and the interior of the car.

¶21 Our decision herein is based solely on the absence of exigent circumstances. We need not--and expressly do not--address the other grounds on which this case was briefed and argued, including whether particularized suspicion existed to call for Igor, whether Igor's sniffs of the Camaro constituted a search and whether probable cause existed for the officers to search the Camaro and the purse. Our rationale is that, even if the State's arguments

8

prevailed on those issues, the officers' warrantless search of the car and Logan's purse would still fail to satisfy the warrant requirement because they were not justified by exigent circumstances.

¶22 We hold the District Court erred in concluding exigent circumstances justified the officers' warrantless search of the purse and the car. As a result, we further hold the District Court erred in denying Logan's motion to suppress.

¶23 Reversed and remanded for further proceedings consistent with this opinion.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ TERRY N. TRIEWEILER
/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE