JUSTICE WARNER
concurs.
¶31 I concur with the Court’s opinion. In addition, in my view, the facts outlined in ¶¶ 15-16 justify the action of Officer Fiscus in walking to the bathroom and pushing the door open while Officer Hoffman was escorting Dickinson from the motel room.
¶32 Section 46-5-102, MCA, permits warrantless searches of the area within the arrestee’s presence for the following purposes: (1) to protect the officer from attack; (2) to prevent the arrestee from escaping; (3) to discover and seize fruits of the crime; or (4) to discover and seize any people or items which may have been used in committing-constitute evidence of-a crime.
¶33 Exigent circumstances which justify a warrantless search are those that would cause a reasonable person to believe prompt action is necessary to prevent physical harm to police officers or other persons. State v. Logan, 2002 MT 206, ¶ 17, 311 Mont. 239, ¶ 17, 53 *312 P.3d 1285, ¶ 17. In assessing exigent circumstances, we have said that the court must consider the totality of such circumstances. State v. McCarthy, 258 Mont. 51, 57, 852 P.2d 111, 115 (1993). Based on the facts of this case, there were clearly exigent circumstances justifying a look in the bathroom. The two officers had a reasonable, genuine concern for their personal safety. The motel room was small and there was at least one loaded handgun in the room. There was evidence not only of the presence of dangerous drugs, but that someone had been using them. The officers were turning their backs on the room with a loaded gun in it, and they had not looked in the bathroom to see if anyone was in there. If someone had been hiding in the bathroom, they naturally would not have made any noise. In my view, these officers would have been foolhardy not to check the bathroom to make sure that no one was in there before they walked away. The District Court was correct in denying the motion to suppress.
JUSTICE RICE joins in the foregoing concurrence.