

DA 11-0528

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2012 MT 66

WILLIAM J. MULLER,

        Petitioner and Appellant,

  v.

STATE OF MONTANA, DEPARTMENT OF
JUSTICE, MOTOR VEHICLE DIVISION,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Rosebud, Cause No. DV 2011-29
Honorable Joe L. Hegel, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Gary G. Doran, Attorney at Law, Kalispell, Montana

        For Appellee:

        Steve Bullock, Montana Attorney General; Sheri K. Sprigg, Assistant
Attorney General, Helena, Montana

        Michael B. Hayworth, Rosebud County Attorney, Forsyth, Montana

Submitted on Briefs:   February 8, 2012

Decided:   March 20, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     William J. Muller (Muller) appeals the order from the Sixteenth Judicial District Court, Rosebud County, upholding his driver's license suspension.  We affirm.

¶2     We review the following issue on appeal:

¶3     *Did the District Court properly deny Muller's petition for reinstatement of his driver's license?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4     A witness stopped at a stop sign at the intersection of Highway 212 and Tongue River Road in Ashland, Montana.  The witness saw a blue Ford pickup nearly "T-bone" her car on May 7, 2011, at around 8:00 pm.  The witness accelerated quickly to avoid a collision.  The blue pickup turned onto Old Mission Road.  The witness stopped at a nearby convenience store and told Rosebud County Deputy Sheriff Jimmy Baisch (Baisch) about the incident.

¶5     The witness described the man and vehicle as follows: "a new, blue, Ford 3/4 ton pickup driven by an older white male in his fifties or sixties with salt and pepper hair."  The witness told Baisch that she watched the truck turn down Old Mission Road.  After hearing the description, which took a short time, Baisch drove down Old Mission Road to look for a truck matching the witness's description.  Baisch saw a new, four-door, blue Ford one-ton truck nosed into foliage in front of a camper trailer a couple hundred yards down Old Mission Road.  Muller stood by the passenger door of the truck.  Muller walked to his camper trailer door when he saw Baisch approach.  Baisch parked and walked around the

2

truck. Baisch could smell an alcoholic odor emanating from the truck. Baisch watched Muller as Muller attempted to open the door of the camper trailer.

¶6 Baisch testified that Muller was swaying and looked dazed. Baisch told Muller to come over. Baisch smelled the odor of alcohol coming from Muller. Muller and Baisch walked to Baisch's patrol vehicle. Muller refused to perform a field sobriety test. Baisch read Muller his rights. Muller refused to take a preliminary breath test. Baisch arrested Muller for driving under the influence (DUI) and transported him to the Rosebud County Detention Center in Forsyth.

¶7 Muller again refused to submit to a breath test at the detention center. Baisch cited Muller for DUI, a misdemeanor, that day. Muller's refusal to submit to a breath test resulted in the automatic suspension of his license pursuant to § 61-8-402(4), MCA. Muller filed a petition for reinstatement of driver's license (Petition) on May 16, 2011. The District Court held a judicial review proceeding on the Petition on June 27, 2011. Muller, Baisch, and the witness testified at the proceeding. The District Court denied the Petition.

STANDARD OF REVIEW

¶8 We review for clear error a district court's denial of a petition for reinstatement of a driver's license and driving privileges. *Weer v. State*, 2010 MT 232, ¶ 7, 358 Mont. 130, 244 P.3d 311. We look to the ruling to determine whether the court has made a correct conclusion of law. *Weer*, ¶ 7. A presumption of correctness attaches to the suspension or revocation of a driver's license. *Widdicombe v. State*, 2004 MT 49, ¶ 7, 320 Mont. 133, 85

3

P.3d 1271. The driver bears the burden of proving improper suspension or revocation of his driver's license. *Widdicombe,* ¶ 7.

DISCUSSION

¶9 Montana's implied consent law presumes that any person driving on the ways of the state open to the public has consented to have his blood, breath, or urine tested for the presence of alcohol. Section 61-8-402(1), MCA. In a non-accident scenario, a law enforcement officer must arrest a person for DUI before requesting a breath test. Section 61-8-402(2), MCA. A driver whose license has been suspended may appeal that suspension on the grounds that the driver was not properly under arrest for DUI or that the driver had not refused a requested breath or blood test. Section 61-8-403, MCA.

¶10 A district court may consider only three issues in a hearing for reinstatement of a petitioner's driver's license. *Weer*, ¶ 9. First, the court may resolve whether the arresting officer had particularized suspicion that the individual had been driving or was in physical control of a vehicle while under the influence of alcohol and/or drugs. Second, the court can evaluate whether the officer lawfully arrested the petitioner and had probable cause for the arrest. Finally, the court may ascertain whether the petitioner did indeed decline to submit to a breath test. *Weer*, ¶ 9. The District Court determined that Baisch had particularized suspicion to arrest Muller, that Baisch had probable cause to arrest Muller, and that Muller declined to submit to a breath test. Muller argues that Baisch made an illegal warrantless arrest.

¶11    Section 46-6-311(1), MCA, provides that a peace officer may make a warrantless arrest "if the officer has probable cause to believe that the person is committing an offense or that the person has committed an offense and existing circumstances require immediate arrest." Muller argues that no exigent circumstances existed for his arrest. He points to *United States v. Shephard*, 21 F.3d 933, 937-38 (9th Cir. 1994), in which the Ninth Circuit equated "existing circumstances" as used in § 46-6-311(1), MCA, with exigent circumstances.

¶12    Montana police officers, without a warrant, entered a home and arrested Shephard, a Montana probationer, for a probation violation. The officers relied on Shephard's probation officer's oral authorization. Police seized a gun belonging to Shephard during his arrest. *Shephard*, 21 F.3d at 935. The trial court convicted Shephard of gun possession by a felon. Shephard argued on appeal that the court should have suppressed the gun as a product of an illegal arrest. *Shephard*, 21 F.3d at 935-36.

¶13    The Ninth Circuit determined that Shephard's arrest violated a now-revised statute that required written authorization of a probation officer for a warrantless arrest for a probation violation. *Shephard*, 21 F.3d at 936; § 46-23-1012, MCA (1987). The court determined that a probation violation did not rise to the level of an exigent circumstance. *Shephard*, 21 F.3d at 937. We need not address the Ninth Circuit's questionable decision to equate "existing circumstances" with exigent circumstances. Muller nevertheless urges the Court to examine a number of cases that considered whether exigent circumstances supported warrantless arrests. *See e.g. State v. Kenfield*, 2009 MT 242, 351 Mont. 409, 213

5

P.3d 461; *State v. Saale,* 2009 MT 95, 350 Mont. 64, 204 P.3d 1220; *State v. Logan,* 2002 MT 206, 311 Mont. 239, 53 P.3d 1285. These cases offer little support for Muller's appeal, however, as Muller's arrest falls within the category of "existing circumstances" under § 46-6-311(1), MCA. As such, we need not address whether exigent circumstances justified Baisch's warrantless arrest.

¶14    The Court determined in *State v. Bauer,* 2001 MT 248, ¶ 33, 307 Mont. 105, 36 P.3d 892, that the "existing circumstances" referred to in § 46-6-311(1), MCA, mean "special circumstances such as a concern for the safety of the offender or the public." The police officer in *Bauer* arrested the defendant for being a minor in possession of alcohol (MIP). *Bauer*, ¶ 8. MIP is a nonjailable offense. Section 45-5-624, MCA. Bauer did not pose a concern for public safety, and, therefore, his warrantless arrest was invalid. *Bauer*, ¶ 32. In a similar case, however, we determined that the existing circumstances supported a warrantless arrest when the child suspected of MIP was reported missing, truant, and only 14. *In re Z.M.,* 2007 MT 122, ¶ 36, 337 Mont. 278, 160 P.3d 490.

¶15    The Court examined similar circumstances to the instant case in *State v. Ellinger,* 223 Mont. 349, 725 P.2d 1201 (1986). A citizen called the police and reported a truck driving in a reckless manner. The citizen provided the license plate number and vehicle description. The police officer drove to the house of the vehicle's registered owner. *Ellinger,* 223 Mont. at 351, 725 P.2d at 1202. Ellinger leaned against the doorway of his mobile home and appeared intoxicated. Ellinger complied with the field sobriety tests and failed them. He was charged with DUI. He appealed on the basis of an illegal warrantless arrest. *Ellinger*,

6

223 Mont. at 351, 725 P.2d at 1202. The Court concluded that the citizen's report alone provided probable cause. The citizen's tip plus the defendant's presence outside his trailer, his appearance of intoxication, and failure of the field sobriety tests, constituted "full probable cause." *Ellinger*, 223 Mont. at 352, 725 P.2d at 1203.

¶16 The witness's report to Baisch about the near-accident at the intersection occurred minutes before Baisch encountered Muller outside Muller's camper trailer. Muller, his truck, and their location closely matched the witness's description. The District Court noted the "extremely short period of time between the commission of the offense and the arrest." The short time span between the witness's report and Baisch's encounter with Muller raised the likelihood that Muller had been operating a motor vehicle while under the influence of alcohol and by itself posed a concern for public safety. Baisch then observed behavior consistent with a DUI. These "existing circumstances" encountered by Baisch justify a warrantless arrest as required by § 46-6-311(1), MCA.

¶17 The District Court determined properly that Baisch legally arrested Muller. We affirm the court's denial of Muller's petition for reinstatement of driver's license.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT

7

/S/ JAMES C. NELSON
/S/ BETH BAKER