FILED

10/20/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0246

DA 18-0246

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 263

STATE OF MONTANA,

Plaintiff and Appellee,

v.

ZANE AARON TENOLD,

Defendant and Appellant.

APPEAL FROM:     District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 17-153
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender, Lisa S. Korchinski, Assistant Appellate
Defender, Helena, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

William E. Fulbright, Ravalli County Attorney, Thorin Geist, Deputy
County Attorney, Hamilton, Montana

Submitted on Briefs:  September 2, 2020

Decided:  October 20, 2020

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1　Zane Tenold appeals a December 19, 2019 Twenty-First Judicial District Court order denying his motion to exclude evidence obtained during a traffic stop and dismiss charges against him. We affirm.

¶2　We address the following issue on appeal:

> *Whether an officer has a lawful right of access to reach into a vehicle and seize plainly visible contraband observed by the officer during a lawful traffic stop.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3　On the evening of July 25, 2017, Ravalli County Sheriff's Deputy Gordy Jessop (Jessop) saw Defendant Zane Tenold (Tenold) driving his truck on Pine Hollow Road, straddling the centerline. Jessop stopped Tenold, who acknowledged driving along the center of the road to lessen the chance of hitting a deer. Jessop asked Tenold for his driver's license and registration. As Tenold retrieved his paperwork from the sun visor, a small plastic bag fell onto his lap. Jessop, who was resting his elbow on Tenold's vehicle door, stated "Hey, you just dropped some meth right there, dude" and reached in through the window to seize the bag, engaging in a momentary tug of war with Tenold. After being read his *Miranda* rights, Tenold admitted to recently purchasing and using methamphetamine and, at Jessop's direction, produced a methamphetamine bong from the vehicle. The residue in the bag subsequently tested "presumptively positive" for methamphetamine.

¶4　Tenold was charged with criminal possession of dangerous drugs under § 45-9-102(1), MCA, and criminal possession of drug paraphernalia under § 45-10-103,

2

MCA.  Tenold moved to exclude all evidence obtained during the stop and dismiss charges, arguing that the warrantless seizure of the bag was unlawful.  After briefing, the District Court denied the motion to suppress, concluding that the seizure was lawful under the plain view doctrine.  Tenold pled guilty, preserving his right to appeal the denial, and was sentenced to five years in Department of Corrections custody, none suspended.  This appeal followed.

## STANDARD OF REVIEW

¶5    We review the grant or denial of a motion to suppress to determine whether the district court's findings of fact are clearly erroneous and whether the district court correctly interpreted and applied the law to those facts.  *State v. Wagner*, 2013 MT 159, ¶ 9, 370 Mont. 381, 303 P.3d 285 (citation omitted).

## DISCUSSION

¶6    *Issue: Whether an officer has a lawful right of access to reach into a vehicle and seize plainly visible contraband observed by the officer during a lawful traffic stop.*

¶7    The Fourth Amendment of the United States Constitution and Article II, § 11, of the Montana Constitution protect individuals from unreasonable searches and seizures by law enforcement.  The "plain view" doctrine allows for the warrantless seizure[1] of incriminating evidence where the item is in the plain view of a lawfully present officer, its

---

[1] Because an object that is already plainly visible from a lawful vantage point does not need to be searched for and generally implicates no privacy interest, the plain view doctrine is better understood as addressing seizures affecting an individual's possessory interest in an item than as an exception to the search warrant requirement impinging on privacy interests. *See State v. Lewis*, 2007 MT 295, ¶¶ 23-25, 340 Mont. 10, 171 P.3d 731 (citations omitted); *State v. Loh*, 275 Mont. 460, 468, 914 P.2d 592, 597 (1996) (citing *Horton v. California*, 496 U.S.133, 134, 110 S. Ct. 2301, 2306 (1990)).

3

incriminating nature is immediately apparent, and the officer has a "lawful right of access" to the object itself. *Loh*, 275 Mont. at 469-70, 914 P.2d at 597-98 (citing *Horton*, 496 U.S. at 136-37, 110 S. Ct. at 2308). Tenold concedes that Jessop was lawfully present next to Tenold's truck while conducting a traffic stop. In addition, we will not disturb the lower court's factual finding that Jessop was able to plainly view the plastic bag which fell into Tenold's lap and immediately discern its incriminating nature, as evidenced by his comment that Tenold had "dropped some meth . . . ." The issue on this appeal is whether Jessop had a "lawful right of access" to the bag allowing him to extend his arm slightly through the vehicle window to retrieve the bag from within Tenold's truck.

¶8      Caselaw is clear that the plain view doctrine would not have permitted Jessop, without a warrant or exigent circumstances, to reach through an open window of Tenold's residence to retrieve plainly visible contraband. *United States v. Naugle*, 997 F.2d 819, 823 (10th Cir. 1993) (concluding that "officers cannot use the plain view doctrine to justify a warrantless seizure" of an object seen "through the window of a house, or . . . via aerial photography or long-range surveillance," because "to do so would require a warrantless entry upon private premises"); *see also United States v. Perry*, 95 F. App'x. 598, 602-03 (5th Cir. 2004) (holding that plain view doctrine "does not justify a warrantless seizure" on private premises "because persons still retain an expectation of privacy, which requires a warrant for legal entry"); *United States v. Paige*, 136 F.3d 1012, 1024 (5th Cir. 1998); *G & G Jewelry, Inc. v. Oakland*, 989 F.2d 1093, 1101 (9th Cir. 1993) ("[E]ven though contraband plainly can be seen and identified from outside the premises, a warrantless entry

into those premises to seize the contraband would not be justified absent exigent circumstances.").

¶9     Though the plain view doctrine does not enable warrantless seizures of items within a home, the United States Supreme Court has indicated, however, that seizure of plainly viewed contraband within a *vehicle* is permissible under the Fourth Amendment. *Texas v. Brown*, 460 U.S. 730, 741, 103 S. Ct. 1535, 1542 n. 6 (1983) ("While seizure of the balloon required a warrantless, physical intrusion into Brown's automobile, this was proper, assuming that the remaining requirements of the plain-view doctrine were satisfied." (citation omitted)); *see also United States v. Weatherspoon*, 82 F.3d 697, 699 (6th Cir. 1996) (citing *Horton*, 496 U.S. at 130, 110 S. Ct. at 2304) (finding warrantless seizure of a gun seen in plain view extending out from under a vehicle seat permissible).

¶10     An officer's ability to seize plainly visible contraband from a vehicle, as opposed to a dwelling, appears to arise from the plain view doctrine's interface with the *Carroll* doctrine's automobile exception to the search warrant requirement. Under the Fourth Amendment, the automobile exception allows for the warrantless search of a vehicle when officers have probable cause to believe it contains evidence of a crime. *United States v. Ross*, 456 U.S. 798, 799-800, 102 S. Ct. 2157, 2160 (1982) (citing *Carroll v. United States*, 267 U.S. 132, 45 S. Ct. 280 (1925)). Jurisdictions that have examined the issue have noted that the sight of plainly viewed contraband can give rise to the probable cause with which to search the vehicle under the automobile exception to the Fourth Amendment, "thus provid[ing] officers with a lawful right of access to the car sufficient to satisfy the plain-view" doctrine. *United States v. Galaviz,* 645 F.3d 347, 357 (6th Cir. 2011) (finding

5

no violation where officers seized an illegal gun plainly visible within a vehicle during a traffic stop); *see also Commonwealth v. Liddie*, 21 A.3d 229, 236 (Pa. Super. Ct. 2011) (holding warrantless seizure permissible because observation of contraband within vehicle "created probable cause to believe that a crime had been committed and that evidence pertaining to the crime was present" within the vehicle). In essence, when the sight of plainly visible contraband gives rise to probable cause with which to search a vehicle under the Fourth Amendment, the officer thereby gains a "lawful right of access" to the interior of the vehicle and may then seize the item pursuant to the plain view doctrine.

¶11    In *State v. Elison*, this Court largely abandoned the automobile exception to search warrants under the Montana Constitution. *State v. Elison*, 2000 MT 288, ¶ 54, 302 Mont. 228, 14 P.3d 456 ("[W]e conclude that, despite any language to the contrary in our previous decisions, there is no 'automobile exception' to the search warrant requirement under the Montana Constitution."). However, the *Elison* Court specifically reserved a limited number of instances in which warrantless searches of vehicles would remain permissible, one of which was plain view. *Elison*, ¶ 54 ("[A] warrantless search of an automobile requires the existence of probable cause as well as a generally applicable exception to the warrant requirement such as a plain view search, a search incident to arrest, or exigent circumstances."); *see also State v. Logan*, 2002 MT 206, ¶ 14, 311 Mont. 239, 53 P.3d 1285 (citing *Elison*, ¶ 54) . Thus, despite the Court's general repudiation of the automobile exception, we find the particular facts in this case—a lawfully present officer with very obvious methamphetamine contraband literally dropping out of the air within inches of the officer's arm and fully visible to the officer—to constitute one of the limited instances

6

envisioned by *Elison*. As such, to the extent to which Jessop extended his arm slightly into the vehicle, he had a right of access under the particular facts of this case.

## CONCLUSION

¶12 Because Jessop was lawfully present next to Tenold's truck during a traffic stop, could plainly see readily apparent contraband fall onto Tenold's lap, and had a lawful right of access to that contraband, Jessop's warrantless seizure of the bag was not unconstitutional. The District Court did not err in denying Tenold's motion to suppress and dismiss.

¶13 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE